**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24682-ALTMAN/Hernandez**

**BRIAN EVANS**,

*Plaintiff*,

*v.*

**SCOTT THOMPSON**, *professionally known as "Carrot Top,"*

*Defendant*.
______________________________________/

## REPORT AND RECOMMENDATION

Before us is Plaintiff Brian Evans's (Plaintiff") Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). [ECF No. 6].[1] Because Plaintiff failed to show that the Motion concerned a true emergency, we struck the emergency designation. [ECF No. 8]. Plaintiff seeks to preclude Defendant Scott Thompson ("Defendant") from enforcing a settlement agreement ("Agreement") and the arbitration provision it includes. [ECF No. 6 at 1]. Plaintiff supplies no good reason for ex parte relief, and the Motion may be denied on those grounds alone. Beyond that, Plaintiff, whose alleged injury is financial in nature, fails to establish imminent, irreparable harm. We therefore respectfully recommend the Court **DENY** the Motion.

### BACKGROUND

Sometime in 2024—Plaintiff does not specify when—Plaintiff and Defendant entered into the Agreement. [ECF No. 1 at 1[2]]. Although Plaintiff's narrative is unclear on this point, the

[1] The Honorable Roy K. Altman referred the matter to us for a Report and Recommendation. [ECF No. 10].
[2] Because Plaintiff failed to number the paragraphs in the Complaint, *see* Fed. R. Civ. P. 10(b), the citations here refer to page numbers.

Agreement appears to have settled a dispute arising from Defendant's alleged transmission of a sexually explicit video to Plaintiff. *Id.* at 6–7.

On July 8, 2026, Plaintiff filed this action seeking to invalidate the Agreement with Defendant. *Id.* at 11–14. The Complaint seeks declaratory and injunctive relief, including rescission of the Agreement, based on Plaintiff's alleged lack of mental capacity and Defendant's alleged fraudulent inducement. *Id.* Plaintiff alleges that, at the time he signed the Agreement, he suffered from various psychiatric disorders that rendered him legally incapable of entering into a contract. *Id.* at 8–9. He further alleges that the Agreement released from liability certain non-parties, which have come to assert those releases in unrelated litigation, causing Plaintiff litigation expenses, emotional distress and "other harms that were not contemplated at the time the agreement was signed." *Id.* at 10. The Complaint separately asserts a claim for intentional infliction of emotional distress. *Id.* at 14–15.

We respectfully recommend that the Motion be **DENIED**.

## LEGAL FRAMEWORK

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order, however, may be issued ex parte. *Id.* 65(b)(1). In evaluating whether relief is appropriate under either type of motion, courts consider whether the movant has shown: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). A showing of irreparable injury is "the sine qua non of injunctive relief" and the most important of the four factors. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (quoting N*e. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). To satisfy this standard, the party "seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of

an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "Significantly, even if [the movant] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel*, 234 F.3d at 1176.

## ANALYSIS

The Motion fails in both form and substance. First, Plaintiff has shown no reason to proceed ex parte. Second, Plaintiff has failed to show imminent, irreparable harm.

### I. Notice to Adverse Party

Plaintiff offers no good reason for depriving Defendant of notice and an opportunity to respond to the Motion. Because Plaintiff has failed to justify the extraordinary remedy of ex parte relief, the Motion may be denied on that basis alone.

An ex parte temporary restraining order requires "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Starmark Fin. LLC v. Luther Appliance & Furniture Sales Acquisition LLC*, No. 24-62357-CIV, 2024 WL 5181749, at *2 (S.D. Fla. Dec. 18, 2024), *report and recommendation adopted*, 2024 WL 5187945 (S.D. Fla. Dec. 20, 2024). Additionally, the moving party must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *Starmark Fin. LLC*, 2024 WL 5181749, at *2.

Here, Plaintiff has failed to satisfy the procedural requirements for the issuance of an ex parte temporary restraining order under Rule 65(b). In his motion, Plaintiff explains that, because he filed the Complaint and Motion at the same time, he has not yet served the Defendant. [ECF No. 6 at 9]. He further asserts that he will transmit the Complaint, Motion, and corresponding materials to Defendants "through all reasonably available means," but never specifies what those means are.

Furthermore, nothing in the record suggests there are any obstacles to service. *See Glob. HTM Promotional Grp., Inc. v. Angel Music Grp., LLC*, No. 06-20441-CIV, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006) ("The normal reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown."). The only justification Plaintiff offers for his ex parte request is timing—that is, the fact that he chose to file the Complaint and Motion at the same time. Even if Plaintiff's decision to file both documents simultaneously lifted the need for formal notice—a proposition for which Plaintiff supplies no authority—that argument fails to explain why informal notice was not provided. *See Wildman v. Wildman*, No. 8:16-CV-1268-T-27MAP, 2016 WL 9223822, at *1 (M.D. Fla. May 26, 2016) (denying motion for temporary restraining order where "Plaintiff ha[d] not provided any indication that she ha[d] made any effort to give notice to Defendant" and recognizing that "informal notice may be permitted in lieu of formal service") (citing Fed. R. Civ. P. 65(b)(1)(B) and the advisory committee's notes to the 1966 Amendment). Indeed, the requirements of Rule 65(b) "acknowledge 'that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all.'" *Just Brands LLC v. Fla. Dep't of Agric. & Consumer Servs.*, No. 23-62081-CIV, 2023 WL 8241512, at *1 (S.D. Fla. Nov. 15, 2023) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters &Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974)), *report and recommendation adopted*, No. 23-62081-CV, 2023 WL 8234591 (S.D. Fla. Nov. 24, 2023). Nor does Plaintiff suggest—let alone support—that notice to Defendant would jeopardize his requested relief or otherwise render prosecution of this action futile. *See Int'l Cruise Shops, Ltd. v. Rincones Bohorquez*, No. 25-20400-CIV, 2025 WL 4669506, at *3 (S.D. Fla. Apr. 7, 2025) ("Courts have also recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action") (cleaned up). Plaintiff has not, for example, shown that Defendant threatened imminent destruction of disputed property. *Id.* (citing *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 640 (S.D. Cal. 1999). Put differently, Plaintiff has not

explained why notice (even informal notice) is impractical or impossible, nor does he supply any other good reason for doing away with it.

The requirement that movants adequately support their request for ex parte adjudication is not a "mere technicalit[y]." *Id.* at *2. Rule 65(b)'s narrow exception balances two competing aims: respecting a nonmovant's due process rights and preserving a movant's relief. *See Granny Goose Foods, Inc.*, 415 U.S. at 438–39 (explaining that the "stringent restrictions" of Rule 65 recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute"). Given this backdrop, "[i]t is well-established under federal law that a [TRO] is an emergency remedy which should only be issued in exceptional circumstances." *Zedon v. Pickrell*, 338 F. Supp. 2d 1093, 1094–95 (D.N.D. 2004); *see also Levine v. Comcoa, Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring) ("An *ex parte* [TRO] is an extreme remedy to be used only with the utmost caution."). Plaintiff has failed to justify his extraordinary request for an ex parte TRO and the motion may be denied on those grounds alone.

**II. Irreparable Harm**

To satisfy the second element for temporary injunctive relief, the party seeking the temporary restraining order must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *see also Bakhai v. BDO USA, P.C.*, No. 24-cv-23896, 2025 WL 3905140, at *1 (S.D. Fla. Oct. 8, 2025) (noting that financial injury does not constitute irreparable harm).

Plaintiff contends that he is suffering "immediate and irreparable harm from the daily accrual of approximately $7,000 in arbitration fees and $83,000 potential exposure." [ECF No. 6 at 5]. Despite the self-evidently financial nature of the claimed harm, Plaintiff further claims that "[m]oney damages are inadequate because the fees may not be fully recoverable and the coercive effect forces

Plaintiff toward unfavorable resolutions." *Id.* Plaintiff never identifies the allegedly "unfavorable resolutions" he fears. By the same token, he never explains why "fees may not be fully recoverable" at the conclusion of the present action. *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("[A] plaintiff seeking . . . injunctive relief must allege and ultimately prove a real and immediate—as opposed to a merely hypothetical or conjectural—threat of *future* injury." (emphasis in original) (cleaned up)). And "conclusory assertions of a defendant's financial weakness do not demonstrate a likelihood of [irreparable] harm" based on the defendant's alleged inability to satisfy a judgment. *Fluor Daniel Argentina, Inc. v. ANZ Bank,* 13 F.Supp.2d 562, 564 (S.D.N.Y.1998); *see also FHR TB, LLC v. TB Isle Resort, LP.*, 865 F. Supp. 2d 1172, 1213–14 (S.D. Fla. 2011) (rejecting claimed inability to pay damages as supporting irreparable harm). Because these unsupported, conclusory allegations do not establish the irreparable harm element, the Motion fails, and we need not reach the remaining injunctive-relief factors. *See Excelsior Med. Corp. v. Ivera Med. Corp.*, No. 13-80840-CIV, 2014 WL 12452460, at *3 (S.D. Fla. Sep. 29, 2014).

* * *

In sum, Plaintiff has not shown ex parte relief is appropriate, and, even if it was, he has failed to meet the requisite standard for relief. And so, we recommend that the Motion be **DENIED**.

Within **14 days** from the date of this Report and Recommendation, the parties shall file written objections, if any, with the District Judge. Failure to file timely objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on July 15, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record