UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-24682-ALTMAN/Hernandez

**BRIAN EVANS**,

      *Plaintiff*,

v.

**SCOTT THOMPSON**, *professionally known as "Carrot Top,"*

      *Defendant*.

_____/

## ORDER

Before the Court is Plaintiff Brian Evans's ("Plaintiff") Motion for Referral to Volunteer Attorney Program ("Motion") [ECF No. 19].[1]  For the reasons outlined below, the Motion is **DENIED**.

\*　　　\*　　　\*

Plaintiff brought this case to invalidate a settlement agreement ("Agreement") with Defendant. [ECF No. 1 at 11–14[2]].  Plaintiff alleges that, at the time he signed the Agreement, he suffered from various psychiatric disorders that rendered him legally incapable of entering into a contract.  *Id.* at 8–9.  On July 22, 2026, Plaintiff filed the instant Motion, seeking assistance from a volunteer attorney. [ECF No. 19 at 1].  The Motion sets out no reasons for the referral aside from Plaintiff's unsupported representation that he is "unable to afford a lawyer." *Id.*  That is not enough.  We therefore deny the

---

[1] The Honorable Roy K. Altman referred this matter to us for a ruling on all pre-trial nondispositive matters. [ECF No. 10].  Because the Motion is non-dispositive, we may enter an order.

[2] Because Plaintiff failed to number the paragraphs in the Complaint, *see* Fed. R. Civ. P. 10(b), the citations here refer to page numbers.

motion for two reasons: (1) Plaintiff has not shown he is unable to afford a lawyer; and (2) he has not shown this case warrants appointment of counsel.

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). But "a district court may appoint counsel for an *indigent* plaintiff." *Watkins v. Broward Sheriff's Off.*, 771 F. App'x 902, 906 (11th Cir. 2019) (emphasis added). "Requests for the appointment of counsel in civil matters, including those on appeal, are governed by 28 U.S.C. § 1915, which provides that '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Latimer v. Regency Palms Apartment*, No. 8:21-CV-1200-WFJ-CPT, 2021 WL 9595996, at *1 (M.D. Fla. Nov. 1, 2021) (quoting 28 U.S.C. § 1915(e)(1)). "Appointment of counsel in a civil case is a 'privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Frederick v. Watson*, No. 2:20-CV-121, 2020 WL 13917782, at *1 (S.D. Ga. Dec. 4, 2020) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)); *see also Bass*, 170 F.3d at 1320 ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). In other words, "[a]ppointment of counsel is only warranted in extreme circumstances, and the district court has broad discretion to make such a decision." *Rager v. Augustine*, 760 F. App'x 947, 949 (11th Cir. 2019) (citing *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013)). "The Eleventh Circuit Court of Appeals has explained that 'the key' to assessing whether counsel should be appointed 'is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.'" *Frederick*, 2020 WL 13917782, at *1 (quoting *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010)); *see also Ivey v. Snow*, No. 1:04-CV-0394-JOF, 2006 WL 8431261, at *2 (N.D. Ga. May 9, 2006) (concluding—in the context of a civil appeal—that "Plaintiff has not pointed to any such exceptional legal or factual issue in his

2

case, and a review of this case leads to the conclusion that this case is not so exceptional as to justify appointment of counsel").

In this case, Plaintiff supports his indigency claim with nothing more than his say-so. Although he paid the filing fee, he now contends that he cannot afford an attorney. [ECF No. 19 at 1]. He attaches no documents to support this claim; rather, he repeats the substance of his claim by including letters from purported medical professionals who have treated him in the past. *Id.* at 4–7, 10, 12. Because none of these documents answer the question central to indigency—whether Plaintiff has enough money to hire an attorney—he fails to show eligibility for referral to the volunteer attorney program. *See De Jesus v. Colvin*, No. 16-23301-CIV, 2017 WL 8809109, at *1 (S.D. Fla. May 11, 2017) (denying referral request where plaintiff provided insufficient information for the Court to make an indigency finding and it "remain[ed] unclear whether she [was] unable to afford a lawyer").

Even if he were eligible, however, the Motion would be denied because Plaintiff has made no showing that "extreme or exceptional circumstances exist . . . warranting the appointment of counsel." *Latimer*, 2021 WL 9595996, at *2. Nor has he explained how this case—which, at its core, concerns a single contractual issue—involves "factual and legal issues so novel or complex" as to require attorney assistance. *Id.* And the pleadings support no such conclusion, where the underlying filings, including Plaintiff's Complaint and attached exhibits, are far from voluminous. More to the point, the allegations are not especially complicated and do not constitute one of those exceptional factual or legal issues justifying appoint of counsel.

For the foregoing reasons, Plaintiff's Motion for Referral to Volunteer Attorney Program, [ECF No. 19], is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on July 23, 2026.

_____
**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:    counsel of record