UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-24682-ALTMAN/Hernandez

BRIAN EVANS,

     *Plaintiff,*

v.

SCOTT THOMPSON,
*Professionally knowns as "Carrot Top,"*

     *Defendant.*

_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

Our Plaintiff, Brian Evans, and our Defendant, Scott Thompson—"Carrot Top"—entered into "a written settlement agreement [ ] in 2024[.]" Complaint [ECF No. 1] at 1. Evans alleges that "the agreement is voidable and should not be enforced because, at the time it was executed, [Evans] lacked the mental capacity necessary to knowingly and voluntarily enter into a binding contract[.]" *Ibid.* On July 10, 2026, our Plaintiff, Brian Evans, moved *ex parte* for a preliminary injunction against our Defendant, Scott Thompson. *See* Motion for Preliminary Injunction (the "Motion") [ECF No. 6]. On July 15, 2026, Magistrate Judge Yeney Hernandez issued her Report and Recommendation ("R&R") [ECF No. 11], recommending that we deny the Motion because Evans "fails to establish imminent, irreparable harm." R&R at 1. Judge Hernandez also found that Evans "offers no good reason for depriving [the] Defendant of notice and an opportunity to respond to the Motion"—and that he therefore "has failed to justify the extraordinary remedy of ex parte relief[.]" *Ibid.* Evans timely filed Objections [ECF No. 16].

### THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of

review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). "If no objection or only [a] partial objection is made to the magistrate judge's report, the district judge reviews those unobjected portions for clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (cleaned up)).

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). The "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citation omitted).

## ANALYSIS

A temporary restraining order "may be issued 'without written or oral notice to the adverse party or its attorney[.]'" *Finkelstein v. Mt. Sinai Med. Ctr. of Fla.*, 2023 WL 6118179, at *2 n.1 (S.D. Fla. Sept. 19, 2023) (Altman, J.) (quoting Fed. R. Civ. P. 65(b)(1)). A TRO "is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that

the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). A "showing of irreparable injury is the *sine qua non* of injunctive relief[.]" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (cleaned up). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adam*s, 808 F.2d 815, 821 (11th Cir. 1987); *see also Bakhai v. BDO USA, P.C.*, 2025 WL 3905140, at *1 (S.D. Fla. Oct. 8, 2025) (Altman, J.) ("The only harm that could befall BDO is financial, which isn't generally considered irreparable."); *Anderson v. United Airlines, Inc.*, 577 F. Supp. 3d 1324, 1337 (M.D. Fla. 2021) (Corrigan, J.) ("[E]conomic damages do not constitute irreparable harm sufficient to require a mandatory preliminary injunction."); *Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992) (Marcus, J.) ("Temporary deprivation of money, in and of itself, cannot constitute irreparable harm[.]").

Here, Evans seeks a TRO because he claims that he's suffering "immediate and irreparable harm from the daily accrual of approximately $7,000 in arbitration fees and $83,000 potential exposure." Motion at 5. Still, he maintains, "[m]oney damages are inadequate because the fees may not be fully recoverable and the coercive effect forces [the] Plaintiff toward unfavorable resolutions." *Ibid.* But, as Judge Hernandez astutely observed, Evans "never identifies the allegedly 'unfavorable resolutions' he fears," nor does he "explain[ ] why 'fees may not be fully recoverable' at the conclusion of the present action." R&R at 6 (quoting Motion at 5). "Because these unsupported, conclusory allegations do not establish the irreparable harm element," Judge Hernandez concluded, "the Motion fails, and we need not reach the remaining injunctive-relief factors." *Ibid.*; *see also Ne. Fla. Ch. of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("When the movant fails to prove irreparable harm, courts need not analyze the other elements of injunctive relief").

Evans raises three objections, none of which have anything to do with the R&R's conclusion.

3

*First*, he says that Judge Hernandez gave "virtually no meaningful consideration to the two treating psychiatric providers' opinion[s] . . . that squarely establish [Evans] lacked contractual capacity[.]" Objections at 2. Our Plaintiff goes on to explain that he "was present during the August 8, 2023 Maui wildfires and subsequently developed severe, persistent Post-Traumatic Stress Disorder (PTSD), Generalized Anxiety Disorder (GAD), Major Depressive Disorder (MDD), and insomnia." *Ibid.* "These conditions," he claims, "substantially impaired Plaintiff's judgment, concentration, decision-making capacity, and ability to understand the long term legal consequences of complex legal documents." *Ibid. Second*, Evans argues that his lack of "contractual capacity . . . is directly relevant to the bad faith surrounding the later" enforcement of the settlement. *Id.* at 4. *Third*, Evans offers an incoherent soliloquy on "the blank stipulation of dismissal" filed in his prior related federal case, *Evans v. Creative Artists Agency, LLC, et al.*, 25-cv-25484-DPG (Nov. 21, 2025) (Gayles, J.).

None of these objections has anything to do with Judge Hernandez's well-reasoned R&R. They have no bearing on whether his injury is "irreparable"—nor do they even purport to establish that the alleged injury he's suffered "cannot be undone through monetary remedies." *Cunningham*, 808 F.2d at 821. In fact, the Objections are completely silent as to this issue. Since the Objections ignore the thrust of the Magistrate Judge's R&R, we have no choice but to overrule them. *See AlexSam, Inc. v. WildCard Sys., Inc.*, 2019 WL 1010241, at *2 (S.D. Fla. Mar. 4, 2019) (Bloom, J.) ("The Court first notes that this objection is improper as it has no bearing on the Report's findings.").

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** that the Plaintiff's Objections [ECF No. 16] are **OVERRULED**. We **ADOPT** Magistrate Judge Hernandez's Report and Recommendation [ECF No. 11] in full. The Motion for Temporary Restraining Order [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on July 31, 2026.

ROY K. ALTMAN
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Brian Evan, *pro se*